# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA JOHNSTON,<br><br>　　　　Plaintiff,<br>　v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　Defendant. | NO. 13-CV-574-MMA(BLM)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>[Doc. No. 4.] |

Defendant Allstate Insurance Company ("Allstate") moves the Court to dismiss Plaintiff's fourth and fifth claims for violation of the California Elder Abuse and Dependant Civil Protection Act, Cal. Welf. & Inst. Code §§ 15600 *et seq.*, and California Civil Code section 3345, respectively. The Court finds this matter suitable for decision on the papers, without oral argument, pursuant to Local Civil Rule 7.1. Allstate's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff Patricia Johnston is an 84-year-old resident of San Diego County. Allstate is an Illinois-incorporated insurance company that transacts business as a homeowner's insurance carrier.

In July 2012, while Plaintiff was on vacation, a gentleman who had been conducting fire-abatement work on Plaintiff's property suddenly died in Plaintiff's

house. The body went undiscovered for five to seven days, by which time post-mortem fluids had caused damaged to the home's living room carpet, carpet padding, and wood sub-floor. Plaintiff was eventually presented with a $17,476.61, bill for cleaning services performed by a third party.

Plaintiff's home was covered by an insurance policy issued by Allstate. Plaintiff alleges she filed a claim with Allstate, but the claim was denied. As relevant to the pending motion to dismiss, Plaintiff alleges Allstate knew she was a senior citizen and used this fact to the company's financial advantage in improperly and wrongfully denying her claim without investigation or legitimate basis in law or fact.

On December 17, 2012, Plaintiff filed suit in the San Diego County Superior Court, bringing claims for (1) "declaratory relief," (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) breach of the "California elder abuse act," and (5) "California Civil Code protecting senior citizens." Defendant's pending motion concerns only the fourth and fifth claims above. On March 12, 2013, Defendant removed the action to this Court.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th

Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

### III.  DISCUSSION

**A.   Claim Four: Financial Elder Abuse**

The California Elder Abuse Act makes additional damages available to a prevailing plaintiff who proves abuse of an elder, or a person age 65 years or older. The Act defines various acts as "abuse of an elder," including "[p]hysical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering." Cal. Welf. & Inst. Code § 15610.07(a). Each of these types of elder abuse is further defined elsewhere in the Act.

As relevant here, California Welfare & Institutions Code section 15610.30 states in relevant part: "(a) 'Financial abuse' of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both. (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Section 15610.30 references "real or personal property." Under California law, "[t]he words 'real property' are coextensive with lands, tenements, and hereditaments" and "[t]he words 'personal property' include money, goods, chattels, things in action, and evidences of debt." Cal. Civ. Code § 14.

Citing the language of section 15657.6, Allstate argues at length that the company cannot be liable for elder abuse because it has not actively taken anything

from Plaintiff.  However, while the Act prohibits the taking of property from seniors, it equally prohibits the *retention* of property: "'Financial abuse' of an elder . . . occurs when a person or entity . . . [t]akes, secretes, appropriates, obtains, *or retains* real or personal property of an elder or . . . for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1) (emphasis added); *see also* Cal. Welf. & Inst. Code § 15657.6.  However, the question remains whether Allstate can be said to have retained "personal property" in this case.

"Since every kind of property that is not real is personal, the property interest in this case, if it exists, must be personal.  Personal property may be incorporeal, i.e., without tangible substance, and it may be intangible in the sense that it is a right rather than a physical object." *In re Marriage of McTiernan & Dubrow*, 35 Cal. Rptr. 3d 287, 295 (Cal. Ct. App. 2005) (citations omitted).  The issue whether monies due under a homeowner's insurance policy are "personal property" appears to be an issue of first impression in federal and California courts.

Although Plaintiff relies on *Fischer v. Aviva Life & Annuity Co.*, 2010 U.S. Dist. LEXIS 94537, at *13-15 (E.D. Cal. Sept. 10, 2010), this case is unhelpful for several reasons.  First, the Court's conclusory finding that "Plaintiffs allegations [were] sufficient to withstand the motion [to dismiss]" was not supported by analysis helpful to resolution of the issue before this Court.

Second, although the court recounted that "Plaintiffs also argue that their financial interest in the Policies is personal property and the Defendants acted wrongfully and deceptively in terminating those policies," the Court finds nothing in *Fischer*'s discussion that supports the conclusion that any interest Plaintiff has in her homeowner's insurance policy is in fact "personal property" under California law.

Finally, the insurance policies in *Fischer* were fundamentally different in kind from Plaintiff's homeowner's insurance policy.  The policies in *Fischer* "were marketed as having the flexibility for the policyholder to determine later whether to cash out the policy or retain the death benefit of the policy." *Id.* at *4.  The

defendants in *Fischer* cancelled the policies and offered replacement policies. *Id.* at *5-6. However, the plaintiffs "cashed out their policies and received less than their original investment in each policy." *Id.* at *6. In this context, the plaintiff could reasonably have been said to have had a vested property interest in the cash-out value of the policies. Moreover, the elder abuse claim made sense in this context given that the insurer was able "to retain the economic benefits of seven years of premiums" while the plaintiffs cashed out their policies for less cash than they otherwise would have received.

In contrast, the insurance policy in this case does not entitle Plaintiff to a certain cash-out value. Plaintiff's entitlement to policy proceeds is contingent upon the happening of a covered loss event that may never happen. The only persuasive authority the Court has uncovered on this issue is an unpublished order not available on Westlaw or Lexis. In *Keshish v. Allstate Insurance Company*,[1] the Honorable Margaret M. Morrow of the Central District of California denied Allstate's motion for judgment on the pleadings on the plaintiffs' financial elder abuse claim.[2] [*See* No. 12-CV-3818-MMM(JCx), Doc. No. 18, Order on Mot. for J. on the Pleadings, July 30, 2012.] The plaintiffs in *Keshish* submitted a claim under their homeowner's insurance policy after their residence and its contents suffered smoke damage. A dispute arose over the parties' differing valuation of the covered damage. The plaintiff sued alleging, among other things, a claim for financial elder abuse. As Judge Morrow explained, the issue of first impression was "whether an alleged failure to pay benefits due under an insurance policy constitutes the 'retention' of the elder's property within the meaning of the [elder abuse] statute." This issue is the very issue the Court now considers.

Judge Morrow recognized the difference between the types of insurance

---

[1] In *Keshish*, Allstate was represented by the same counsel as in the instant case.

[2] For whatever reason, the parties jointly stipulated to dismiss this claim with prejudice after Judge Morrow's order issued.

policies in other cases and the one in *Keshish*: "It is true that the extant cases concern annuity or life insurance policies, where it is inevitable that the insured or his or her beneficiaries will ultimately receive some form of payment under the policy. By contrast, payments under a liability insurance policy are contingent upon an event that may never occur." The policy in *Keshish* and the one at bar are functionally indistinguishable. Both policies cover events that may never occur, thus making the insured's rights or legal interests in insurance monies contingent upon occurrence of a loss event. This difference notwithstanding, Judge Morrow explained that the plaintiffs had implied, through their allegations, that "Allstate knew the [plaintiffs] were due certain benefits under the policy, but nonetheless withheld payments." Next, Judge Morrow recognized that the elder abuse claim would "be dependent on the [plaintiffs'] bad faith claim - since it relies on the notion that Allstate knew that its adjuster had undervalued the claim and that its initial payment was woefully inadequate." Despite the claim's contingent nature, Judge Morrow concluded that the court could not "say at this stage of the litigation that the facts pled could not support a finding of liability under the elder abuse statute."

Here, Plaintiff's entitlement to insurance proceeds is contingent on an event that may never happen. Thus, Plaintiff's property interest is unlike the interest in cases involving annuities and life insurance policies, where the insured's interest in the insurance money is vested and it is inevitable that the insured or the insured's beneficiaries will receive some form of payment under the policy. However, even under Plaintiff's homeowner's policy, a property interest in money may come to legal fruition and vest once a loss event that is covered by the terms of the insurance policy transpires. Thus, once a covered loss event occurs, the insured is legally entitled to the insurance proceeds by operation of the contractual terms of the insurance policy. In other words, Plaintiff has vested personal property rights to money once it is determined that a loss event triggers coverage under the policy.

As in *Keshish*, Plaintiff's elder abuse claim is contingent at this stage of the

proceedings. The claim stands and falls on the trier of fact's finding that Allstate denied Plaintiff's valid claim in bad faith and that Plaintiff was entitled to the insurance money when she submitted her claim. If the trier of fact finds that Allstate acted in bad faith and that Plaintiff was entitled to the money, her rights to the money vested by operation of the terms of her insurance policy. Thus, if Plaintiff was legally entitled to the insurance money at that time, such money was "personal property" within the meaning of the elder abuse claim, and Allstate's retention of this personal property was a potential violation of California's financial elder abuse statute. Contingent as the claim may be, the Court cannot say at this stage of litigation that the facts pled could not support a finding of liability under the elder abuse statute. Consequently, the Court **DENIES** Allstate's motion to dismiss Claim Four.

### B.     Claim Five:  California Civil Code § 3345

Plaintiff brings her fifth claim, styled as "unfair or deceptive acts against senior citizens, under California Civil Code section 3345, a provision that allows trebling of statutory punitive damages awards under certain circumstances.

To establish eligibility for treble damages under section 3345, a claim must: (1) be brought by a senior citizen or disabled person; (2) redress unfair or deceptive acts or practices; (3) relate to a separate statutory claim providing entitlement to certain penalties; and (4) the defendant's wrongdoing must be directed to the protected class. Cal. Civ. Code § 3345(b); *Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225 (E.D. Cal. 2008).

As an initial matter, Allstate's argument that section 3345 applies only to Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq.*, claims is patently incorrect. The California Supreme Court has considered this very argument and has squarely rejected it. *Clark v. Superior Court*, 235 P.3d 171, 174-75 (Cal. 2010); *see also Novick v. Unum Life Ins. Co. of Am.*, 570 F. Supp. 2d 1207, 1210 (C.D. Cal. 2008) ("§ 3345, however, does not expressly limit its scope to CLRA

1    claims."). Section 3345 focuses on the remedy available to Plaintiff and applies
2    only when punitive damages are an available remedy in the case. *Clark*, 235 P.2d at
3    176. Here, because under certain circumstances a successful plaintiff can recover
4    punitive damages for financial elder abuse, Cal. Welf. & Inst. Code § 15657.5(c)-
5    (d), section 3345 potentially applies to this case..

6        Plaintiff may also recover punitive damages on her third claim for "breach of
7    the covenant of good faith and fair dealing," which Allstate has not sought to
8    dismiss. While it is true that "[b]ecause the covenant [of good faith and fair dealing]
9    is a contract term, in most cases compensation for its breach is limited to contract
10   rather than tort remedies," *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 2 P.3d 1, 8
11   (Cal. 2000), the California Supreme Court has recognized a lone exception to this
12   general rule for tort damages arising from bad faith breach of an insurance contract
13   because "an insured may recover damages not otherwise available in a contract
14   action, such as emotional distress damages resulting from the insurer's bad faith
15   conduct and punitive damages if there has been oppression, fraud, or malice by the
16   insurer," *Cates Constr., Inc. v. Talbot Partners*, 980 P.2d 407, 416 (Cal. 1999)
17   (citations omitted). Accordingly, Plaintiff may recover treble damages under section
18   3345 if she prevails on her third claim and establishes the requisite bad faith.
19   *Accord Novick*, 570 F. Supp. 2d at 1211 (finding section 3345 was available in
20   context of bad faith claim); *Hood*, 567 F. Supp. 2d at 1230 ("[P]laintiff has alleged a
21   statutory remedy under [Cal. Civ. Code] Section 3294, to which he seeks to apply
22   Section 3345.")

23       The foregoing notwithstanding, section 3345 "is not an independent cause of
24   action and will only apply if Plaintiff[] successfully prove[s] liability under [another]
25   claim." *Gwin v. Pac. Coast Fin. Servs.*, 2010 U.S. Dist. LEXIS 40035, at *17 (S.D.
26   Cal. Apr. 23, 2010) (Moskowitz, J.); *see also Ramsour v. JP Morgan Chase Bank*,
27   2011 U.S. Dist. LEXIS 94724, at *11-12 (S.D. Cal. Aug. 23, 2011) (Hayes, J.).
28   Insofar as section 3345 is not an independently-actionable claim, the Court

**GRANTS** Allstate's motion. However, the Court grants Plaintiff leave to amend her Complaint, but only for the limited purposes of alleging section 3345 eligibility under the "prayer for relief" section.

## IV. CONCLUSION

Based on the foregoing, Allstate's motion to dismissed is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, Claim Five is **DISMISSED with leave to amend** to add California Civil Code section 3345 to the "prayer for relief" section.

**IT IS SO ORDERED.**

DATED: May 23, 2013

Hon. Michael M. Anello
United States District Judge